UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHATEAU EXPRESS, LLC,<br><br>Plaintiff,<br><br>-v-<br><br>FOND DU LAC COLD STORAGE L.L.C.,<br><br>Defendant. | Case No. 2:25-cv-15932-CCC-CF |

**DEFENDANT FOND DU LAC COLD STORAGE LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Fond du Lac Cold Storage LLC ("Fond du Lac"), by and through its attorneys Holland & Knight LLP, hereby submits its Answer and Affirmative Defenses to Plaintiff Chateau Express, LLC's ("Plaintiff") Complaint, and states as follows:

**INTRODUCTION**[1]

1. Fond du Lac denies the allegations set forth in Paragraph 1 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

2. Fond du Lac denies the allegations set forth in Paragraph 2 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

---

[1] Fond du Lac uses the headings listed in Plaintiff's Complaint for clarity purposes only and does not admit the accuracy of those headings. Fond du Lac denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

3. Fond du Lac denies the allegations set forth in Paragraph 3 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

4. Fond du Lac admits that no payment was made on July 31, 2025. Whether a material breach occurred is a legal conclusion to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Fond du Lac denies the allegations set forth in Paragraph 5 of the Complaint.

6. Fond du Lac denies the allegations set forth in Paragraph 6 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

7. Fond du Lac denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Fond du Lac admits it is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in Edison, NJ, and that none of its members are citizens of Connecticut. The remaining allegations set forth in Paragraph 8 of the Complaint assert a legal conclusion, to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9. The allegations set forth in Paragraph 9 of the Complaint assert a legal conclusion, to which a response is not required. To the extent a response is required, Fond du Lac states that it does not contest diversity jurisdiction in this Court.

10. The allegations set forth in Paragraph 10 of the Complaint assert a legal conclusion, to which a response is not required. To the extent a response is required, Fond du Lac states that it

does not contest personal jurisdiction in this Court. Fond du Lac further states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

11. The allegations set forth in Paragraph 11 of the Complaint assert a legal conclusion, to which a response is not required. To the extent a response is required, Fond du Lac states that it does not contest venue in this Court. Fond du Lac further states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

## RELEVANT FACTS

*The Parties and the Agreement*

12. Fond du Lac denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Fond du Lac denies the allegations set forth in Paragraph 13 of the Complaint as pleaded.

14. Fond du Lac denies the allegations set forth in Paragraph 14 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

15. Fond du Lac denies the allegations set forth in Paragraph 15 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset

Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

16. Fond du Lac denies the allegations set forth in Paragraph 16 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

17. Fond du Lac denies the allegations set forth in Paragraph 17 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

18. Fond du Lac denies the allegations set forth in Paragraph 18 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

19. Fond du Lac denies the allegations set forth in Paragraph 19 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

20. Fond du Lac denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Fond du Lac denies the allegations set forth in Paragraph 21 of the Complaint as pleaded. Fond du Lac states that Fond du Lac provided information to Plaintiff regarding the last quarter of 2024 and refers to the language in that correspondence. Fond du Lac denies the

characterization of same in Paragraph 21 and denies any remaining allegations contained in Paragraph 21 of the Complaint.

22. Fond du Lac denies the allegations set forth in Paragraph 22 of the Complaint as pleaded. Fond du Lac states that Fond du Lac received correspondence from Plaintiff on March 13, 2025, and refers to the language therein. Otherwise denied.

23. Fond du Lac denies the allegations set forth in Paragraph 23 and sub-parts (a) through (c) thereof of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

24. Fond du Lac denies the allegations set forth in Paragraph 24 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

25. Fond du Lac denies the allegations set forth in Paragraph 25 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

26. Fond du Lac denies the allegations set forth in Paragraph 26 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

27. Fond du Lac denies the allegations set forth in Paragraph 27 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

28. Fond du Lac denies the allegations set forth in Paragraph 28 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

29. Fond du Lac denies the allegations set forth in Paragraph 29 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

***Fond du Lac's Breach and Anticipatory Breach of the Agreement***

30. Fond du Lac admits that no payment was made on July 31, 2025. Whether a material breach occurred is a legal conclusion to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, Fond du Lac denies the allegations in Paragraph 31.

32. Paragraph 32 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, Fond du Lac denies the allegations in Paragraph 32.

33. Fond du Lac denies the allegations set forth in Paragraph 33 of the Complaint as pleaded. Fond du Lac states that Fond du Lac received correspondence from Plaintiff's counsel on August 5, 2025, and refers to the language therein. Fond du Lac denies knowledge and information sufficient to form a belief as to the truth of whether its counsel sent a correspondence on August 8, 2025 or the contents of such correspondence. Fond du Lac denies the characterizations of the correspondence alleged in Paragraph 33 and denies any remaining allegations contained in Paragraph 33.

34. Fond du Lac denies Plaintiff's characterization of the communications with Fond du Lac. Fond du Lac further denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint.

35. Fond du Lac denies the allegations set forth in Paragraph 35 of the Complaint as pleaded. Fond du Lac states that Fond du Lac received correspondence from Plaintiff on September 16, 2025, and refers to the language therein.

36. Fond du Lac denies the allegations set forth in Paragraph 36 of the Complaint as pleaded. Fond du Lac states that on September 18, 2025, Fond du Lac requested a meeting with Plaintiff's counsel.

37. Fond du Lac denies the allegations set forth in Paragraph 37 of the Complaint as pleaded. Fond du Lac states that Fond du Lac received correspondence from Plaintiff on September 16, 2025, and refers to the language therein.

38. Fond du Lac denies the allegations of damages contained in Paragraph 38. Fond du Lac further states that the remaining allegations set forth in Paragraph 38 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 38.

39. Fond du Lac states that the allegations set forth in Paragraph 39 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 39.

### FIRST COUNT
*Breach of Contract*

40. Fond du Lac incorporates by reference its responses to the preceding paragraphs of the Complaint.

41. Fond du Lac denies the allegations set forth in Paragraph 41 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

42. Fond du Lac states that the allegations set forth in Paragraph 42 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 42.

43. Fond du Lac denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Fond du Lac states that the allegations set forth in Paragraph 44 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 44.

45. Fond du Lac denies the allegations set forth in Paragraph 45 of the Complaint.

46. Fond du Lac states that the allegations set forth in Paragraph 46 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 46.

47. Fond du Lac denies the allegations set forth in Paragraph 47 of the Complaint.

## SECOND COUNT
### *Anticipatory Breach of Contract*

48. Fond du Lac incorporates by reference its responses to the preceding paragraphs of the Complaint.

49. Fond du Lac denies the allegations set forth in Paragraph 49 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein. Otherwise denied.

50. Fond du Lac states that the allegations set forth in Paragraph 50 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 50.

51. Fond du Lac states that the allegations set forth in Paragraph 51 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 51.

52. Fond du Lac denies the allegations set forth in Paragraph 52 of the Complaint as pleaded. Fond du Lac states that Plaintiff and Fond du Lac, among others, executed an Asset Purchase Agreement dated March 24, 2023, as amended by an April 29, 2025 Amendment to the Asset Purchase Agreement, and refers to the terms therein.

53. Fond du Lac denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. Fond du Lac denies the allegations set forth in Paragraph 54 of the Complaint as pleaded. Fond du Lac states that Fond du Lac received correspondence from Plaintiff on September 16, 2025, and refers to the language therein. Otherwise denied.

55. Fond du Lac denies the allegations set forth in Paragraph 55 of the Complaint as pleaded. Fond du Lac states that Fond du Lac received correspondence from Plaintiff on September 16, 2025, and refers to the language therein. Otherwise denied.

56. Fond du Lac denies the allegations set forth in Paragraph 56 of the Complaint.

57. Fond du Lac states that the allegations set forth in Paragraph 57 of the Complaint state legal conclusions to which a response is not required. To the extent a response is required, Fond du Lac denies the remaining allegations contained in Paragraph 57.

58. Fond du Lac denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59. Fond du Lac denies the allegations set forth in Paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

60. The allegations set forth in the "Wherefore" Paragraph and sub-parts (a) through (h) thereof of the Complaint do not require a response. To the extent that a response is required, Fond du Lac denies the Plaintiff's entitlement to the recoveries sought in the "Wherefore" Paragraph and sub-parts (a) through (h) thereof of the Complaint.

## JURY DEMAND

61. The allegations in the "Jury Demand" Paragraph of the Complaint do not require a response.

## AFFIRMATIVE DEFENSES

As separate defenses to the Complaint, Fond du Lac alleges the following, without conceding that Fond du Lac bears the burden of proof or persuasion as to any of them:

## FIRST DEFENSE

The Complaint fails to state a claim against Fond du Lac upon which relief can be granted.

## SECOND DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Fond du Lac denies, Plaintiff has failed to mitigate those damages and its claims therefore are barred, in whole or in part.

## THIRD DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's conduct, actions and inactions that amount to and constitute an estoppel of the claims and any relief sought thereby.

## FOURTH DEFENSE

The Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions that amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

## FIFTH DEFENSE

To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Fond du Lac denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Fond du Lac.

## SIXTH DEFENSE

Subject to further factual development, including discovery, Fond du Lac is informed and believes, and on that basis alleges, that each claim and cause of action set forth in the Complaint, is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of Fond du Lac.

## **SEVENTH DEFENSE**

Fond du Lac expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**WHEREFORE**, Fond du Lac requests the following relief:

1. That judgment be entered against Plaintiff and in favor of Fond du Lac;

2. That Plaintiff take nothing from Fond du Lac by virtue of the Complaint;

3. That the Court award Fond du Lac its attorneys' fees, expenses and costs to the full extent permitted by law; and

4. For such other and further relief as the Court deems just and proper.

Dated: December 9, 2025                    **HOLLAND & KNIGHT LLP**

                                              By: */s/ Sean C. Sheely*
                                                  Sean C. Sheely (ID No. 51301993)
                                                  Samantha Nicole B. Ladines (ID No. 489412024)
                                                  HOLLAND & KNIGHT LLP
                                                  787 Seventh Avenue, 31st Floor
                                                  New York, New York 10019
                                                  Tel: (212) 513-3200
                                                  sean.sheely@hklaw.com
                                                  samantha.ladines@hklaw.com

                                      *Attorneys for Defendant Fond Du Lac Cold Storage LLC*

## CERTIFICATE OF SERVICE

      I, Sean C. Sheely, hereby certify that, on the date set forth below, I caused a copy of the foregoing document to be served via electronic filing on all counsel of record.


Dated:  December 9, 2025                                        */s/ Sean C. Sheely*
                                                                                      Sean C. Sheely